**Whitney Stark**, OSB No. 090350
Email: whitney@albiesstark.com
**J. Ashlee Albies**, OSB No. 051846
Email: ashlee@albiesstark.com
**Maya Rinta**, OSB No. 195058
Email: maya@albiesstark.com
ALBIES & STARK LLC
1500 SW First Ave., Suite 1000
Portland, Oregon 97201
Telephone: (503) 308-4770
Facsimile: (503) 427-9292

**Attorneys for Plaintiffs**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BABAK ZOLFAGHARI-AZAR,<br><br>Plaintiff,<br><br>v.<br><br>THE WEST LINN-WILSONVILLE SCHOOL DISTRICT; and BRIGHAM BAKER, an individual;<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT**<br>42 U.S.C. § 1983 (Violations of Equal Protection); ORS § 659A.030<br><br>**Jury Trial Requested** |

## INTRODUCTION

1.

Plaintiff Babak Zolfaghari-Azar brings this action alleging that Defendants West Linn-Wilsonville School District and Brigham Baker violated plaintiff's rights under 42 U.S.C. § 1983 and ORS § 659.030 to be free from racial discrimination and disparate treatment in employment.

Oregon is not unique in its history of racist laws and attitudes, which still inform the experiences of non-white Oregonians in the present day. When Oregon became a state in 1859, its constitution banned slavery but legally excluded Black people from living here. Oregon's exclusionary laws explicitly forbade Black people from obtaining legal residence, owning real estate, making contracts, voting, or using the legal system. Despite the passage of the 13th, 14th, and 15th Amendments superseding these state laws, Oregon did not ratify the 15th Amendment until 1959, and did not ratify the 14th Amendment until 1973. Despite years of efforts, racist language in the Oregon constitution was not removed until 2000.

The history of racism in Oregon's sports community is similar.  Even though members of underrepresented and minority groups may now participate on sports teams, leadership roles historically and continually are reserved for white men.  Members of minorities and underrepresented groups are likely to encounter stereotypes, prejudice, discriminatory treatment, and bias on the field and the court.  Defendant West Linn-Wilsonville School District's conduct towards its predominantly white basketball team, as described in this complaint, perpetuated and continued that bias when it hired—and then summarily terminated—non-white coaches, even when those coaches of color were successful in their jobs.

**PARTIES**

2.

Plaintiff Babak Zolfaghari-Azar ("Coach Z" or "plaintiff") is, and at all material times was, a resident of the State of Oregon.  Plaintiff is a person of color and a first generation Iranian American.

3.

Defendant West Linn-Wilsonville School District ("WLWSD") is a public entity that provides education to students and at all material times hereto was doing business in the State of Oregon, including in Clackamas County.

PAGE 2 – COMPLAINT

4.

West Linn-Wilsonville School District is liable for the tortious conduct of its agents and employees pursuant to ORS § 30.265(1) and ORS § 30.285(1). West Linn-Wilsonville School District is a "person" for purposes of 42 U.S.C. § 1983. West Linn-Wilsonville School District is a "public employer" for the purposes of ORS § 659A.203.

5.

At all material times, Defendant West Linn-Wilsonville School District was plaintiff's employer.

6.

At all material times, Defendant Brigham Baker was the Athletics Director at West Linn High School within WLWSD and supervised Plaintiff's work. Defendant Baker is named in his individual capacity and is a "person" for purposes of 42 U.S.C. § 1983.

**TORT CLAIM NOTICE**

7.

Prior to the institution of this action, Plaintiff provided timely notice of his claims to all necessary parties pursuant to ORS § 30.275.

**JURISDICTION & VENUE**

8.

This Court has jurisdiction over plaintiff's claims for monetary and other relief under 28 U.S.C. § 1331, federal question jurisdiction. This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the state claims arise from the same nucleus of operative facts as the federal claims. The state claims are so related to the federal claims that they form part of the same case or controversy and would ordinarily be expected to be tried in one judicial proceeding.

/ / /

PAGE 3 – COMPLAINT

**ALBIES & STARK**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE. #1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

9.

Venue is appropriate in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because the underlying acts, omissions, injuries and related facts and circumstances giving rise to the present action primarily occurred in this judicial district. The events giving rise to plaintiff's claims occurred primarily within Clackamas County, therefore the Portland Division of the United States District Court for the District of Oregon is the appropriate divisional venue pursuant to LR 3-2(a).

**FACTUAL ALLEGATIONS**

10.

Plaintiff Babak Zolfaghari-Azar, or "Coach Z," started coaching basketball in 2014 at St. Mary's Home for Boys, a youth residential center for at-risk youth in Beaverton, Oregon. He continued coaching from the 2014 season through his move to West Linn High School. His experience also includes coaching at Rosemary Anderson High School and Grant High School.

11.

Coach Z is a successful basketball coach. For example, while coaching Junior Varsity 2 and Varsity Assistant Coach at Grant High School, the team won the State championship one year and made the playoffs every season he coached there.

12.

In or about May 2022, West Linn-Wilsonville School District hired Coach Z to be the Junior Varsity ("JV") Coach at West Linn High School for the 2022-2023 school year. Then-Varsity Coach, Robert Key ("Coach Key") served as the head Varsity Basketball Coach for West Linn High School for the 2022-2023 school year.

13.

Coach Key is a Black man and was the first Black Varsity Coach for West Linn High School's basketball team.

PAGE 4 – COMPLAINT

**ALBIES & STARK**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE. #1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

14.

Coach Z had previously coached together with Coach Key at Grant High School in Portland, Oregon for four seasons. As such, Coach Key requested Coach Z to join him as the JV Coach. After the decision was made to hire Coach Z, Coach Z then later filled out the application for the position, as is the usual custom.

15.

In addition to his duties as JV Coach, Coach Z worked alongside Coach Key as his Assistant Coach for the Varsity basketball team.

16.

Because Coach Key and Coach Z had worked together previously, started at the same time, were both identifiably people of color, worked closely together during practices, and were part of the same coaching team, the two were associated with each other.

17.

Also on the West Linn basketball coaching team for the 2022-2023 school year, Ryan Amundson worked as the Freshman Coach and an Assistant Coach to Coach Key, and Joe Cerny as the JV 2 Coach and Assistant Coach to Coach Key.

18.

Coaches Amundson and Cerny had worked in the same coaching positions the previous year and they stayed on in their position.

19.

Both Amundson and Cerny are white.

20.

Coach Key, Coach Z, Coach Amundson, and Coach Cerny coached the West Linn High School Basketball teams for the 2022-2023 season and the 2023-2024 seasons.

/ / /

**ALBIES & STARK**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE. #1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

21.

Because he was hired for the 2022-2023 season, Coach Z began coaching for West Linn's basketball team "summer league," in the summer of 2022.

22.

The custom and practice for basketball coaching at the high school level requires that the JV team participates in the summer league. It also requires that the team is coached by the same JV Coach that will coach them in the winter when the basketball season begins. It is an expectation of the JV Coach position to coach the team for summer league.

23.

Accordingly, in approximately May 2022, Coach Key instructed and facilitated Coach Z to be responsible for coaching the Summer League, which was part of Coach Z's duties as JV Coach. In addition to coaching the summer league in summer 2022, Coach Z also coached the summer league in 2023 because he was coaching for the 2023-2024 season.

24.

During his time as West Linn's JV Coach, Coach Z led the JV team to success. The JV team finished as the top JV team in the Three Rivers League for both years that Coach Z was the coach. In the summer of 2023, the JV team had a 17-0 undefeated summer league and won the summer league championship. This winning streak continued into the 2023-2024 winter season, leading the team to win their first 11 games of the season. Coach Z focused not only on building the teams' basketball skills, but also on building strong relationships between himself and the athletes and supporting their character and academic development.

25.

Coach Z also assisted Coach Key for the Varsity basketball team, which also had successful seasons. During the 2022-2023 season, the Varsity team beat the nationally top ranked high school's basketball team, won the Les Schwab Invitational championship, and won

**ALBIES & STARK**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE. #1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

the Capital City Classic tournament championship. These successes led the West Linn Varsity team to become the first and only high school basketball team in Oregon history to ever be ranked number one in the country by *USA Today*. In addition, during the 2023-2024 season, the Varsity team made it to the playoffs for the Oregon state championship and played in the final.

26.

As JV Coach and a Varsity Assistant Coach, Coach Z was a critical part of both the JV and the Varsity basketball teams' success both seasons. The JV and Varsity teams regularly practiced together, meaning that Coach Z and Coach Key co-led the practices. Several JV team players played on the Varsity team (or "swung" to Varsity) at various times, and Coach Z's coaching and leadership ensured they were able to play at the level and skill required of a Varsity player.

27.

During the 2022-2023 and 2023-2024 seasons, multiple students, including some Black students and students of color, from other schools transferred to West Linn High School and incoming freshman elected to attend West Linn. As a result, new students joined the basketball teams. They may have been drawn to the school based on the reputation of the coaches and the program.

28.

An anonymous group of West Linn parents wrote to the WLWSD Superintendent Kathy Ludwig to express concerns about the new students playing on the basketball teams. The parents referred to the students as "illegitimate transfers" who were on the team "at the cost of having the legitimate tax paying kids that have played in the West Linn programs since their youth potentially get cut their senior year[.]" The group signed the letter "Many of the West Linn basketball families."

/ / /

PAGE 7 – COMPLAINT

**ALBIES & STARK**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE. #1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

29.

During the 2023-2024 season, Coach Z received text messages and comments from parents expressing concerns regarding playing time.

30.

By and large, the concerns regarding playing time demonstrated frustration with a lack of playing time for white students, while giving playing time to students of color.

31.

In April 2024, despite the basketball program's success, WLWSD fired Coach Key. According to the West Linn High School's Athletic Director Brigham Baker, Coach Key was fired because he needed to get the "locker room back in service to the kids."

32.

Athletic Director Baker's comment was made after white parents commented on, circulated emails, and communicated to the West Linn-Wilsonville School District that their kids were not getting enough playing time. They insinuated that Coach Key, and Coach Z as well, were at fault for favoring non-white students or allowing students of color to play based on their race.

33.

In capitulating to these racial stereotypes and biases, WLWSD's failed to defend the only coaches of color, disregarded Coach Key and Coach Z's expertise, and disregarded the remarkable successes Coach Key and Coach Z had lead the athletic teams to during their coaching tenure.

34.

WLWSD's conduct was particularly harmful given that race discrimination has been an ongoing problem in Oregon high school sports. For example, in 2022 Clatskanie High School and Molalla High School both faced accusations of using racist language and allegedly wearing

PAGE 8 – COMPLAINT

**ALBIES & STARK**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE. #1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

Black face at basketball games in 2022, leading to probation by the Oregon School Activities Association.

35.

After WLWSD terminated Coach Key's employment, Coach Z received no information about his own employment status.

36.

On May 21, 2024, just weeks before the start of summer league, Coach Z asked Athletic Director Baker about his employment status. Baker told Coach Z he was terminated because the head coach, Coach Key, was not returning. Baker wrote that when the head coach left, "the other assistant coaching openings open as well" and that Coach Z could apply for other positions "when the jobs post." In other words, according to Baker, Coach Z was fired because Coach Key was fired.

37.

Coach Z had only ever applied to a coaching position as a formality. In Coach Z's experience, however, coaching hiring decisions are made by the Coach, the Athletic Director, or a combination of both, not through a formal application process.

38.

WLWSD did not terminate the white Freshman basketball coach, Amundson, in the spring of 2024. Instead, it promoted Coach Amundson to JV Coach (Coach Z's former position), even though Coach Amundson had less experience and a less successful record than Coach Z.

39.

By early August 2024, WLWSD also hired a white coach, Travis Myers, to replace Coach Key.

/ / /

/ / /

PAGE 9 – COMPLAINT

**ALBIES & STARK**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE. #1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

40.

On information and belief, including the understanding of parents with kids on the West Linn High School's basketball team, West Linn High School had three white men as basketball coaches by late September 2024: Coach Amundson as the JV Coach, Coach Cerny as the JV2 Coach, and another white male as the Freshman Coach.

41.

On October 1, 2024, Coach Z sent notice to WLWSD pursuant to ORS § 30.275 setting forth the facts and potential claims giving rise to his claim for damages against the District.

42.

On October 10, the District responded to the notice, claiming that it had posted job openings for assistant coaches on October 1, 2024--the same day they received Coach Z's tort claim notice—and that the job openings were closing days later on October 14, 2024.

43.

However, West Linn's internal emails show that West Linn recommended previous basketball assistant coaches, specifically excluding Coach Z, and had already made their hiring decisions:

(a) on August 10, 2024, Director Baker had recommended Amundson to Coach Myers;

(b) on September 3, 2024, Director Baker recommended Amundson, Cerny, Lee Orr, and David VanBeenen to Coach Myers—to the specific exclusion of Coach Z, and;

(c) by September 26, 2024, Coach Myers had already offered the JV Coach position to Amundson.

44.

Coach Z's association with Coach Key, including as both individuals of color, subjected to Coach Z to similar racist stereotypes, assumptions, and decision-making which led to his termination. The WLWSD acted on the basis of race and national origin when it terminated

PAGE 10 – COMPLAINT

**ALBIES & STARK**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE. #1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

Coach Z and when it denied him continued employment yet recommended and hired a white coach with less experience and less proven successes.

### FIRST CLAIM FOR RELIEF
### (Equal Protection -- 42 U.S.C. § 1983)
### (Against all Defendants)

45.

Plaintiff incorporates the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

46.

By the acts and omissions described herein, Defendants discriminated against Plaintiff based on race, in violation of his right to equal protection of the laws enshrined in the Fourteenth Amendment to the United States Constitution and enforced through 42 U.S.C. § 1983.

47.

Plaintiff had a clearly established right to be free from unlawful discrimination based on race.

48.

Defendants deprived plaintiff of his Fourteenth Amendment right to be free of race discrimination by treating him differently and worse than his white coworkers, terminating his employment based on his race, by discouraging Plaintiff from being a coach at West Linn High School, by not similarly advocating for Plaintiff to remain employed as a coach as with the white coaches, and by not offering him a renewed coaching contract.

49.

In addition, or in the alternative, Defendant Baker set in motion violative conduct that he knew or should have known would result in the violation of Plaintiff's constitutional rights.

///

PAGE 11 – COMPLAINT

**ALBIES & STARK**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE. #1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

50.

Plaintiff's race was a factor in the unlawful treatment alleged herein. A white coach with a similar record of success would not have been treated differently, terminated, and forced to reapply for their same job, as evidenced by the fact that white coaches with less experience and success were encouraged, promoted, and placed in coaching positions.

51.

Defendant WLWSD is liable for the deprivation of Plaintiff's Fourteenth Amendment rights because the deprivation was pursuant to policy, custom, or practice.

52.

Defendant WLWSD is also liable for the deprivation of Plaintiff's Fourteenth Amendment rights because the unlawful decisions were made or approved by persons in policymaking decisions for Defendant WLWSD. For example, Defendant Baker had final policy making authority for WLWSD's Wilson High School Athletic Departments and engaged in the acts herein while acting as a final policy maker for WLWSD.

53.

Defendant WLWSD is also liable for deprivation of Plaintiff's Fourteenth Amendment rights because persons in policy-making positions ratified the unlawful conduct alleged herein knowing, or reasonably should have known, the basis of the unlawful conduct and failed to stop it.

54.

As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered and will continue to suffer economic losses including, but not limited to, lost income from future employment and impairment of future earning capacity, plus prejudgment interest, for which plaintiff seeks compensation in an amount to be proven at trial, but not less than $75,000.

/ / /

PAGE 12 – COMPLAINT

**ALBIES & STARK**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE. #1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

55.

As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered and will continue to suffer noneconomic damages in the form of injury to his reputation, emotional distress, anxiety, humiliation, and embarrassment, and is entitled to an award of compensatory damages in an amount to be determined at trial.

56.

Plaintiff also is entitled to recover his reasonable attorneys' fees, expert fees and costs pursuant to ORS § 20.107 and 42 U.S.C. § 1988.

**SECOND CLAIM FOR RELIEF**
**(National Origin or Race Discrimination - ORS § 659A.030)**
**(Against Defendant West Linn-Wilsonville School District)**

57.

Plaintiff incorporates the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

58.

WLWSD terminated Plaintiff due to parental pressure, displeasure, and criticism that students of color were attracted to West Linn High School because of its coaching staff, and/or favoring students of color over white students, and/or based on racial and national origin stereotypes and assumptions regarding Coach Z. Plaintiff's race or national origin was a substantial motivating factor in the WLWSD's decision to terminate Plaintiff.

59.

As a direct and proximate cause of the WLWSD's conduct, Plaintiff has suffered and will continue to suffer economic losses including, but not limited to, lost income from future employment and impairment of future earning capacity, plus prejudgment interest, for which plaintiff seeks compensation in an amount to be determined at trial.

/ / /

PAGE 13 – COMPLAINT

**ALBIES & STARK**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE. #1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

60.

As a direct and proximate cause of the WLWSD's conduct, Plaintiff has suffered and will continue to suffer non-economic damages in the form of injury to his reputation, emotional distress, anxiety, humiliation, and embarrassment, and is entitled to an award of compensatory damages in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
### (Associational Race Discrimination – ORS § 659A.030)
### (Against Defendant West Linn-Wilsonville School District)

61.

Plaintiff incorporates the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

62.

WLWSD terminated Plaintiff because of his association with Coach Key.  Coach Z was qualified and competent to continue working as the JV Coach.  The white coaches with similar (or worse) records of success were not terminated and did not have to apply to act as the JV Coach over the summer season in 2024.  Coach Z was closely associated with Coach Key, a Black man, which was a substantial factor in his termination.

63.

As a direct and proximate cause of the WLWSD's conduct, Plaintiff has suffered and will continue to suffer economic losses including, but not limited to, lost income from future employment and impairment of future earning capacity, plus prejudgment interest, for which plaintiff seeks compensation in an amount to be determined at trial.

64.

As a direct and proximate cause of the WLWSD's conduct, plaintiff has suffered and will continue to suffer noneconomic damages in the form of injury to his reputation, emotional

PAGE 14 – COMPLAINT

**ALBIES & STARK**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE. #1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

distress, anxiety, humiliation, and embarrassment, and is entitled to an award of compensatory damages in an amount to be determined at trial.

65.

Plaintiff is also entitled to recover his reasonable attorneys' fees, expert fees and costs pursuant to ORS § 659A.885.

WHEREFORE, Plaintiff prays for judgment from Defendants as follows:

(a) Damages including economic losses and emotional harm caused by Defendants, in amounts to be decided by the jury;

(b) Reasonable attorneys' fees and costs in an amount to be decided by the Court after trial;

(c) Pre and post judgment interest in accordance with law; and

(d) Any other equitable relief this Court may determine to be fair and just.

DATED: February 5, 2025

Respectfully submitted by:

 s/ Whitney Stark
Whitney Stark, OSB No. 090350
whitney@albiesstark.com
J. Ashlee Albies, OSB No. 051846
ashlee@albiesstark.com
Maya Rinta, OSB No. 195058
maya@albiesstark.com

*Attorneys for Plaintiff*

PAGE 15 – COMPLAINT

**ALBIES & STARK**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE. #1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292